Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 1 of 13 PageID #: 6

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br>**WASHINGTON COUNTY** | **SUPERIOR COURT** |
| **CHRISTOPHER LACCINOLE**<br>*Plaintiff* | C.A. No.: |
| Vs. | |
| **Verizon New England Inc.,**<br>&<br>**Verizon Online LLC,**<br>&<br>**Verizon Wireless (VAW) LLC,**<br>&<br>**Does 1-10 Inclusive;**<br>*Defendants* | |

## COMPLAINT

### I. INTRODUCTION

This is a civil action seeking remedy for violations under multiple federal and state consumer protection statutes. Plaintiff, a consumer, was harassed by Verizon for a debt he never owed. Plaintiff is an identity theft victim and is regularly harassed by companies like Verizon who seek to profit from the misery of consumers who are trapped in the web of identity theft.

1. Plaintiff doesn't owe Verizon any money. Plaintiff sent multiple certified letters to Verizon to tell Verizon to stop calling Plaintiff. Verizon refused one of Plaintiff's letters. Verizon responded to another letter of Plaintiff's by responding via FEDEX with a written response. In Verizon's written response, Verizon claimed it would stop calling Plaintiff. Yet, despite Plaintiff's letters and Verizon's false promises, Verizon repeatedly calls Plaintiff with robodialed, prerecorded messages.

2. The Plaintiff brings this action alleging that the Defendants Verizon New England

1

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 2 of 13 PageID #: 7

Inc., Verizon Online LLC, Verizon Wireless (VAW) LLC, and Does 1-10 engaged in harassing, abusive, and prohibited conduct while attempting to collect an alleged debt in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"). The Plaintiff seeks statutory damages, actual damages, costs, and attorney's fees for each Defendant under the TCPA, and RIGL § 9-30-2.

3. The Plaintiff also alleges that Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive relief, and punitive damages for each Defendant under the DTPA.

4. The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy under RIGL § 9-1-28.1 *et seq.* The Plaintiff seeks actual damages, costs, attorney's fees, injunctive relief under the statute.

5. Plaintiff also seeks declaratory relief as authorized by the Rhode Island Uniform Declaratory Judgments Act (RIGL § 9-30-2).

6. Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

8. This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

9. Plaintiff's action for declaratory relief is authorized by the Rhode Island Uniform Declaratory Judgments Act (RIGL § 9-30-2).

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 3 of 13 PageID #: 8

10. The Plaintiff is a resident of this County and the conduct complained of took place in this County.

### III. PARTIES

11. The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island.

12. Upon information and belief, Verizon New England Inc. provides, *inter alia,* Cable TV services to Rhode Island consumers.

13. Upon information and belief, Verizon New England Inc. may be served upon its registered agent in the State of Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

14. Upon information and belief, Verizon Online LLC provides, *inter alia,* internet services to Rhode Island consumers.

15. Upon information and belief, Verizon Online LLC may be served upon its registered agent in the State of Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

16. Upon information and belief, Verizon Wireless (VAW) LLC provides, *inter alia,* wireless mobile network services to Rhode Island consumers.

17. Upon information and belief, Verizon Wireless (VAW) LLC may be served upon its registered agent in the State of Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

18. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 4 of 13 PageID #: 9

## IV. FACTUAL ALLEGATIONS

19. At all times relevant to this Complaint, Defendants were engaged in the business of regularly collecting Debts.

20. Plaintiff does not owe any Defendant any money.

21. On May 23, 2019, Plaintiff began receiving calls from Verizon.

22. Every call that Plaintiff received from Verizon contained an artificial or prerecorded voice. Plaintiff recognized this because each call had the exact same message, same voice, same rhythm, and same intonation.

23. In the prerecorded messages that Verizon transmitted to Plaintiff, Verizon did not state clearly at the beginning of the message the identity of the business, individual, or other entity initiating the call.

24. In the prerecorded messages that Verizon transmitted to Plaintiff, Verizon did not state clearly the telephone number or address of such business, other entity, or individual.

25. Plaintiff researched and discovered that Verizon FIOS uses two corporate entities in Rhode Island: Verizon Online LLC (for internet) and Verizon New England Inc. (for cable TV).

26. On June 1, 2019, Plaintiff sent a letter to Verizon New England Inc. via US certified mail, return receipt requested.

27. In corporate filings with the Rhode Island Secretary of State, Verizon New England Inc. lists a principal address of 125 High Street Oliver Tower 7th Floor, Boston, MA 02110.

28. Plaintiff sent the letter to Verizon New England Inc. at 125 High Street Oliver Tower

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

7th Floor, Boston, MA 02110.

29. In Plaintiff's letter, he included his name, phone number, and address, and Plaintiff clearly stated, "Please don't call me or send me text messages. You have the wrong number."

30. On June 8, 2019, Plaintiff received his original letter from the mailman, and the letter was marked "RETURN TO SENDER ATTEMPTED-NOT KNOWN."

31. Upon information and belief, Verizon New England Inc. uses a fictitious address with the Rhode Island Secretary of State in order to hamper communications from customers.

32. On June 1, 2019, Plaintiff sent a letter to Verizon Online LLC via US certified mail, return receipt requested.

33. In corporate filings with the Rhode Island Secretary of State, Verizon Online LLC lists a principal address of 22001 Loudon County Parkway MAIL CODE C1-3-507, Ashburn, VA 20147.

34. Plaintiff sent the letter to Verizon Online LLC at 22001 Loudon County Parkway MAIL CODE C1-3-507, Ashburn, VA 20147.

35. In Plaintiff's letter, he included his name, phone number, and address, and Plaintiff clearly stated, "Please don't call me or send me text messages. You have the wrong number."

36. Verizon Online LLC signed for receipt of Plaintiff's letter on June 4, 2019.

37. On June 17, 2019, Plaintiff received a FEDEX package at his home.

38. In the FEDEX package was a letter from Verizon Wireless Executive Relations.

39. The letter from Verizon Wireless was dated June 14, 2019.

5

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 6 of 13 PageID #: 11

40. In Verizon Wireless' letter, Verizon acknowledges that Plaintiff does not wish to receive more calls. Verizon further promises to add Plaintiff's phone number to the Do Not Call database.

41. Despite Verizon's letter and promise, Verizon continued to call Plaintiff several times more throughout the summer of 2019.

42. When Plaintiff answered the Verizon calls, he again heard the same prerecorded messages.

43. Upon information and belief, Verizon uses the number 888 423 0900 to contact consumers.

44. Upon information and belief, Verizon uses a prerecorded voice to contact Plaintiff.

45. The evidence of this prerecorded voice was that the exact same message was played for Plaintiff at each call, using the same words, voice, intonation, and rhythm.

46. Plaintiff never requested by an agreement or otherwise that he be contacted by Verizon.

47. Plaintiff never provided his cellular telephone number to Verizon and never provided his consent to Verizon to be contacted on his cellular telephone.

48. Plaintiff's phone number is part of the national Do Not Call registry.

49. Verizon's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

50. The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

51. The robocalls were annoying, abusive, and harassing to Plaintiff.

6

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 7 of 13 PageID #: 12

52. The robocalls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

53. Defendants do not maintain a written policy for maintaining a do-not-call list.

54. Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

55. Despite a clear and unmistakable request from Plaintiff to stop calling, Defendants have subsequently called Plaintiff.

56. Plaintiff incurred damages as a result of Defendants' unlawful conduct.

57. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

58. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

59. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

60. Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

61. Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

62. Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

63. Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

64. Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

65. Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 8 of 13 PageID #: 13

66. Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

### V. STATUTORY STRUCTURE TELEPHONE CONSUMER PROTECTION ACT

67. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

68. The TCPA regulates, *inter alia*, the use of automated telephone dialing systems.

69. Under the TCPA, an "automated telephone dialing system" ("ATDS") is: (1) an automated dialing system capable of storing or producing and dialing telephone numbers, using a random or sequential number generator; and/or (2) a predictive dialer, which makes automated calls at a pace designed to optimize matching a connected call with an available agent. See 47 U.S.C. § 227(a)(1)); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 F.C.C.R. 559, ¶ 12 (2008) ("FCC 2008 Declaratory Ruling").

70. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

71. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls. See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C.R. 14014 (2003).

72. In the FCC 2008 Declaratory Ruling, the FCC confirmed that autodialed and

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 9 of 13 PageID #: 14

prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.

### VI. STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

73. The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful the "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RIGL § 6-13.1-2.

74. Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural persons, corporations, and any other legal entity. RIGL § 6-13.1-1 (3).

75. Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce" mean the sale or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of Rhode Island. RIGL § 6-13.1-1 (5).

76. Under the Rhode Island Deceptive Trade Practices Act, unfair methods of competition and unfair or deceptive acts or practices include (but are not limited to) any one or more of the following:

   a. Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   b. Engaging in any act or practice that is unfair or deceptive to the consumer [RIGL § 6-13.1-1 (6) (xiii)].
   c. Using any other methods, acts or practices which mislead or deceive members of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

77. Under the Rhode Island Deceptive Trade Practices Act, any provider of goods and services who fails to comply with the provisions of RIGL § 6-13.1 is liable for any

9

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 10 of 13 PageID #: 15

actual damages sustained; punitive damages; attorneys' fees as determined by the Court and costs of this action. The Court may also provide equitable relief. RIGL § 6-13.1-5.2.

### VII. STATUTORY STRUCTURE RIGHT TO PRIVACY

78. Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include, *inter alia*, the right to be secure from unreasonable intrusion upon one's physical solitude or seclusion.

### COUNT I - Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(3)

79. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

80. Congress enacted the TCPA to prevent real harm. Congress found that "automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[1]

81. Defendants' violations of the TCPA include, but are not limited to, the following:

82. Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

83. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction

---

[1] Pub. L. No. 102-243, § 2 (10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. See also *Mims v. Arrow Fin. Servs., L.L.C.*, 565 U.S. 368, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 11 of 13 PageID #: 16

prohibiting future conduct in violation of the TCPA.

84. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
    2) Statutory Damages in the amount of $1,500 per phone call pursuant to 47 U.S.C. § 227(b)(3);
    3) Declaratory Relief that Defendants violated the TCPA.
    4) Referral to the Rhode Island Attorney General for further review.
    5) Such other relief as the Court may deem just and appropriate.

### COUNT II - Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

85. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

86. Defendants' violations of the TCPA include, but are not limited to, the following:

    i. Violations of 47 CFR 64.1200

    ii. Violations of the do not call requirements at 47 U.S.C. § 227(c)

87. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

88. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2) Statutory Damages in the amount of $1,500 per phone call pursuant to 47 U.S.C. § 227(c)(5);

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 12 of 13 PageID #: 17

    3) Declaratory Relief that Defendants violated the TCPA.
    4) Referral to the Rhode Island Attorney General for further review.
    5) Such other relief as the Court may deem just and appropriate.

## COUNT III – RHODE ISLAND DTPA

89. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

90. Defendants violated the restrictions the RI DTPA imposes on them prohibiting Defendants from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1 *et seq*.

91. Defendants engaged in false representation or deceptive means to obtain money from a consumer.

92. Defendants' actions or transactions are not permitted by the Rhode Island department of business regulation.

93. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 6-13.1-5.2.

94. Such conduct and actions of Defendants were willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General Law § 6-13.1-5.2.

95. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
    2) Statutory Damages against Apria Healthcare in the amount of $200 for each violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;

Case Number: WC-2019-0469
Filed in Washington County Superior Court
Submitted: 9/10/2019 9:45 PM
Envelope: 2245132
Reviewer: Christine F.

Case 1:19-cv-00501-MSM-PAS   Document 1-2   Filed 09/24/19   Page 13 of 13 PageID #: 18

   3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
   4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
   5) Declaratory Relief that Defendants violated the RI DTPA.
   6) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution under RIGL § 19-14.9-13.
   7) Such other relief as the Court may deem just and appropriate.

### COUNT IV – RIGHT TO PRIVACY

96. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

97. Defendants violated the restrictions the privacy statute imposes on them prohibiting Defendants from invading Plaintiff's privacy in violation of Rhode Island General Law § 9-1-28.1 *et seq*.

98. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined pursuant to Rhode Island General Law § 9-1-28.1.

99. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

   1) Actual Damages pursuant to RIGL § 9-1-28.1;
   2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
   3) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.
   4) Declaratory Relief that Defendants violated the Plaintiff's Right to Privacy.
   5) Such other relief as the Court may deem just and appropriate.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
17 Richard Smith Rd.
Narragansett, RI 02882
chrislaccinole@gmail.com